ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **MOROVIS COMMUNITY HEALTH CENTER**<br><br>Recurrente<br><br>v.<br><br>**NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE)**<br><br>Apelada-Recurrida<br><br>**BETSY N. RODRÍGUEZ ORTIZ**<br><br>Reclamante-Recurrida | KLRA202400066 | **REVISIÓN** procedente del **Departamento del Trabajo y Recursos Humanos**<br><br>Caso Núm.:<br>**A-03857-22S**<br><br>Sobre:<br>Elegibilidad a los Beneficios de Compensación por Desempleo |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 20 de febrero de 2024.

Mediante *Recurso de revisión administrativa* comparece ante nos Morovis Community Health Center (MCHC). Nos solicita la revisión de una *Decisión del Secretario del Trabajo y Recursos Humanos* de 10 de enero de 2024 que le confirmó la concesión de los beneficios del seguro por desempleo a Betsy N. Rodríguez Ortiz (Sra. Rodríguez Ortiz).[1]

Por los fundamentos que discutimos en adelante, *desestimamos* el *Recurso* de referencia.

I.

Para propósitos de la decisión de esta Curia, los hechos serán limitados únicamente a los pertinentes a nuestra determinación.

La Sra. Rodríguez Ortiz era empleada de MCHC. El 15 de febrero de 2022, MCHC despidió a la Sra. Rodríguez Ortiz. El 28 de

---

[1] Apéndice de *Recurso de revisión administrativa*, Anejo I, págs. 1-14. Archivada y notificada en autos el 10 de enero de 2024.

marzo de 2022, el Negociado de Seguridad de Empleo (NSE) le denegó a la Sra. Rodríguez Ortiz los beneficios de compensación de seguro por desempleo por haber sido despedida por cometer conducta incorrecta relacionada con el trabajo.[2] El 26 de junio de 2023, la División de Apelaciones emitió una *Resolución* donde revocó la determinación del NSE y le concedió a la Sra. Rodríguez Ortiz los beneficios de compensación de seguro por desempleo.[3] El 10 de enero de 2024, el Secretario del Departamento de Trabajo y Recursos Humanos confirmó la *Resolución* mediante la *Decisión* de referencia.[4]

Inconforme con la determinación, el 8 de febrero de 2024, MCHC presentó el caso de epígrafe.

II.

Como cuestión de umbral, debemos atender el aspecto jurisdiccional del caso. ¿Tiene un patrono privado legitimación activa para impugnar la determinación del NSE que le concedió los beneficios del seguro por desempleo a una empleada despedida? En reiteradas ocasiones este Foro se ha enfrentado con esta controversia y siempre hemos resuelto en la negativa.[5] En esta ocasión no cambiaremos de postura.

A.

Los tribunales solo pueden atender casos que son justiciables, donde exista una controversia, y no en aquellas circunstancias donde exista una disputa abstracta, cuya resolución no tendrá consecuencias para las partes. *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 931 (2011); *Fund. Surfrider y otros v. A.R.Pe.,*

---

[2] *Íd.*, Anejo II, pág. 15.
[3] *Íd.*
[4] *Íd.*, Anejo I, págs. 1-14.
[5] Véanse, KLRA201500278, panel compuesto por su presidenta, la Jueza Fraticelli Torres, la Juez Ortiz Flores y el Juez Ramos Torres (juez ponente); KLRA201401090, panel compuesto por su presidenta, la Jueza Fraticelli Torres (jueza ponente), la Juez Ortiz Flores y el Juez Ramos Torres; KLRA 201401215, panel compuesto por su presidenta, la Jueza Fraticelli Torres (jueza ponente), la Juez Ortiz Flores y el Juez Ramos Torres; KLRA201100410, panel compuesto por su presidenta, la Jueza Fraticelli Torres (jueza ponente), el Juez Hernández Sánchez y el Juez Ramos Torres.

178 DPR 563, 571 (2010); *E.L.A. v. Aguayo*, 80 DPR 552 (1958). La justiciabilidad es una autolimitación de los tribunales. Solo podemos resolver "controversias genuinas surgidas entre partes opuestas que tienen interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo*, *supra*, págs. 558-559. Nuestro Tribunal Supremo ha desarrollado criterios que los tribunales deben considerar para determinar si un caso es justiciable.

> Para que una controversia sea justiciable se debe evaluar si es (1) tan definida y concreta que afecte las relaciones jurídicas entre las partes que tienen un interés jurídico antagónico; (2) que el interés sea real y substancial y que permita un remedio específico mediante una sentencia de carácter concluyente, y finalmente (3) si la controversia es propia para una determinación judicial, ya que se distingue de una disputa de carácter hipotético o abstracto, y de un caso académico o ficticio. Por lo tanto, **no será justiciable aquella controversia en la que**: (1) se trata de resolver una cuestión política; (2) **una de las partes no tiene legitimación activa**; (3) después que ha comenzado el pleito, hechos posteriores la convierten en académica; (4) las partes buscan obtener una opinión consultiva, o (5) se promueve un pleito que no está maduro. *Asoc. Fotoperiodistas v. Rivera Schatz*, *supra*, pág. 932. (Énfasis nuestro).

"Una de las doctrinas de autolimitación derivadas del principio de 'caso o controversia' es la legitimación de la parte que acude ante el foro judicial". *Fund. Surfrider v. A.R.Pe.*, *supra*, pág. 572. Legitimación es la capacidad jurídica y la capacidad para actuar. "Es la capacidad para realizar con eficiencia actos procesales y para comparecer como litigante en un juicio. J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 1ra ed. rev., San Juan, 2012, pág. 34. En *Fund. Surfrider v. A.R.Pe.*, *supra*, el Tribunal Supremo aclaró que para que una parte tenga legitimación, tiene que haber sufrido un daño claro y palpable, real, inmediato y preciso, no abstracto o hipotético. Debe existir una relación causal razonable entre la acción que se ejercita y el daño alegado, y la causa de acción debe surgir al amparo de la Constitución o de alguna ley.

En cuanto al ámbito administrativo, la sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, (3 LPRA sec. 9601 *et seq.*) (LPAU) dispone que "**[u]na parte adversamente afectada** por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones [...]". (Énfasis nuestro). Por lo tanto, es indispensable que la persona que solicite la revisión judicial de una determinación administrativa sea una parte y que esté adversamente afectada por la decisión administrativa. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 918 (2012). Esta sería la única persona legitimada para radicar dicha acción.

Una parte adversamente afectada es aquella que "tiene un interés sustancial en la controversia porque sufre o sufrirá una lesión o daño particular que es causado por la acción administrativa que se impugna mediante recurso de revisión judicial". *Fund. Surfrider v. A.R.Pe.*, *supra*, pág. 579. Esta parte tiene el peso de probar su legitimación "mediante la alegación de hechos que permitan [a]l foro judicial constatar que es parte adversamente afectada por la decisión que se impugna". *Íd.*, pág. 585.

B.

Los tribunales han reiterado que los patronos no sufren un daño real por las determinaciones del NSE. La Ley de Seguridad de Empleo de Puerto Rico, Ley Núm. 74 de 21 de junio de 1956, (29 LPRA sec. 701 *et seq.*) (Ley Núm. 74) creó el Negociado de Seguridad de Empleo que tiene como propósito:

> [P]oner en vigor la Ley de Seguridad de Empleo de Puerto Rico, Ley Núm. 74 de 21 de junio de 1956 (29 L.P.R.A. sec. 701 et seq.), cuya finalidad, según surge de la Sec. 1, es 'promover la seguridad de empleos facilitando las oportunidades de trabajo por medio del mantenimiento de un sistema de oficinas públicas de empleo y proveer para el pago de compensación a

personas desempleadas por medio de la acumulación de reservas'. Esta ley establece los requisitos para cualificar para beneficios por desempleo y los parámetros para determinar las contribuciones que deben pagar los patronos para sufragar el fondo de desempleo. *Acevedo v. Western Digital Caribe Inc.*, 140 DPR 452, 466 (1996).

El NSE tiene la responsabilidad de evaluar cualquier solicitud de beneficios del seguro por desempleo. En esta labor, el NSE puede citar al patrono para que testifique sobre la razón por la que el empleado solicitante ya no está rindiendo labores y su elegibilidad. La Ley Núm. 74 también dispone que el patrono puede ser notificado sobre los procedimientos relacionados con su exempleado si provee información de acuerdo con las disposiciones de la sección 5 (c). Ley Núm. 74, *supra*, sec. 5 (e). La sección 6 (b) autoriza a **cualquier parte con derecho a recibir notificación** a solicitar la apelación de la determinación del NSE ante un árbitro de la División de Apelaciones del NSE. *Íd.*, sec. 6 (b). En esta etapa, un patrono puede solicitar la apelación ante el árbitro si cumple con la sec. 5 (e). Finalmente, la decisión del árbitro podrá ser apelada al secretario de Trabajo y Recursos Humanos, cuya decisión será final y firme, salvo que un aparte solicite reconsideración o revisión judicial. *Íd.*, sec. 6 (i).

A base de las disposiciones de la Ley Núm. 74, el Tribunal Supremo ha resuelto que el patrono no es parte adversamente afectada en un caso ante el NSE. *Acevedo v. Western Digital Caribe Inc., supra*, págs. 466-467. Las únicas partes legitimadas para impugnar una determinación del NSE en el Tribunal de Apelaciones son la empleada afectada y el Secretario de Trabajo y Recursos Humanos.

> La **comparecencia del patrono al procedimiento administrativo ante el Negociado no fue en calidad de parte** ni a modo contencioso o adversativo, sino **como testigo en cumplimiento de una citación del Negociado de Seguridad de Empleo** en virtud de la Sec. 15(c) de la Ley de Seguridad de Empleo de Puerto Rico, 29 L.P.R.A. sec. 715(c). **A pesar de que el patrono**

**disfruta del derecho a ser notificado sobre los procesos que impliquen a un [exempleado], esto no lo convierte en parte**. Cabe mencionar que **el Secretario del Trabajo y Recursos Humanos no se encuentra en relación mutua con el patrono**, ni representa los intereses de éste en estos procesos administrativos. *Íd.* (Énfasis nuestro).

En consecuencia, un patrono no tiene legitimación para impugnar las determinaciones del NSE cuando este concede los beneficios del seguro por desempleo. "[E]l patrono no está expuesto a pérdida económica alguna ante una determinación del fondo de reserva y no de los recursos del patrono". *Íd.*, págs. 467-468. Para enfatizar este punto, contamos con el análisis que hizo un panel hermano, mediante voz de la Jueza Fraticelli Torres.[6]

¿Existe un impedimento jurisdiccional claro y contundente que excluya al patrono de este proceso de revisión judicial? Como vemos, en lo que atañe al asunto jurisdiccional, **el patrono no es propiamente parte en estos procesos, aunque el Secretario le permita participar para oponerse a la concesión del beneficio**. No olvidemos que la Ley de Seguridad de Empleo establece los parámetros que determinan las contribuciones que deben hacer los patronos para sufragar el fondo de desempleo. Aunque se admita que los patronos no son los que pagan los beneficios, sino el fondo de reserva que administra el NSE, no podemos pasar por alto que la concesión de beneficios de desempleo a un exempleado pudiera tener algún efecto negativo sobre el monto de las aportaciones de un patrono al fondo de reserva. Nos consta que por eso el Departamento autoriza la participación de los patronos hasta la fase de apelación ante la Oficina del Secretario, pues así surge de otros recursos que hemos considerado. No obstante, **esa laxitud en los procesos administrativos que permite que los patronos intervengan en los procesos para fijar la elegibilidad de un exempleado para recibir los beneficios del desempleo, no los convierte en "parte" con derecho a pedir la revisión de la decisión de interés social que beneficia a un obrero que perdió su fuente regular de ingreso**. KLRA201100410, Sentencia de 30 de septiembre de 2011. (Énfasis nuestro).

III.

En reiteradas ocasiones, hemos determinado que un patrono no tiene legitimación activa para impugnar las determinaciones del

---

[6] Véase, KLRA201100410, panel compuesto por su presidenta, la Jueza Fraticelli Torres (jueza ponente), el Juez Hernández Sánchez y el Juez Ramos Torres.

NSE. Hoy nos reafirmamos en esta determinación. MCHC fue patrono de la Sra. Rodríguez Ortiz. Su participación en los procedimientos ante el NSE fue en capacidad de testigo y no como parte. Como hemos señalado, el patrono no sufre daños reales por las determinaciones del Departamento de Trabajo y Recursos Humanos.

IV.

Por los fundamentos que preceden, *desestimamos* el caso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones